IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARK A. CASH                                                                    PLAINTIFF

vs.                                      5:08CV00060-WRW

UNION PACIFIC RAILROAD COMPANY                                                  DEFENDANT

## ORDER

Pending is Defendant's Motion for Summary Judgment (Doc. No. 23). Plaintiff has responded.[1]

Plaintiff filed suit on March 7, 2008, claiming he suffered injuries caused by Defendant's violation of the Federal Employers' Liability Act ("FELA").[2] Defendant contends that Summary Judgment is appropriate because Plaintiff was not within the scope of his employment at the time of his injuries.[3]

For the reasons set out below, Defendant's Motion for Summary Judgment is DENIED.

## I.  BACKGROUND

Plaintiff, Mark Cash, is a locomotive engineer for Defendant, Union Pacific ("UP").[4] Cash lives in Rison, Arkansas, and sometimes begins his train runs at UP's yard in North Little Rock, Arkansas.[5] Cash gets to UP's North Little Rock yard by first driving from his home in

---

[1]Doc. No. 27.

[2]Doc. No. 1.

[3]Doc. No. 25.

[4]Doc. Nos. 24 & 30.

[5]*Id.*

1

Rison to UP's yard in Pine Bluff, Arkansas. From there, Cash takes a UP-provided shuttle service to North Little Rock.

The shuttle service from Pine Bluff to North Little Rock is the result of a merger between UP and Southern Pacific.[6] According to the merger, the Pine Bluff and North Little Rock yards became a single "hub."[7] Making both yards a single hub meant that engineers who lived close to one yard might be required to begin a train run from the more distant yard. Because engineers like Cash would be required to drive a significant distance to report for duty, UP, Southern Pacific, and Cash's union, the Brotherhood of Locomotive Engineers, negotiated the shuttle service to accommodate the increased travel.[8]

The shuttle agreement was a contract. UP benefitted because it avoided employee relocation claims related to the new hub operations.[9] The engineers, on the other hand, could elect to utilize the UP-provided transportation to commute between the two yards.[10] In consideration for electing to use the shuttle service, UP provided the shuttle free of cost, and incentivised the shuttle agreement with other benefits, such at not being held responsible if the shuttle ran late to the job site.[11] Cash is one of many employees who elected shuttle service.

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] See *Id.*

[10] Doc. No. 25-4.

[11] *Id.*

On November 21, 2007, Cash was told to report to work in North Little Rock.[12] Cash drove from his home in Rison to UP's Pine Bluff yard to catch the shuttle to North Little Rock.[13] Cash parked his car in the UP parking lot and started walking to the van.[14] A drainage ditch runs between the parking lot where Cash parked his vehicle, and the parking lot where employees catch the shuttle.[15] An unknown person had placed several pallets end-to-end as a "bridge" across the drainage ditch.[16] As Cash walked across the pallet bridge, he tripped and fell, sustaining the injuries that are the basis of his FELA claim.[17]

UP requests Summary Judgment arguing that, under the FELA, Cash was not within the scope of his employment when he fell on the pallet bridge while commuting to work.[18]

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[19] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that

---

[12]Doc. Nos. 24 & 30.

[13]*Id.*

[14]*Id.*

[15]*Id.*

[16]*Id.*

[17]*Id.*

[18]Doc. No. 25.

[19]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

3

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[20]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[21] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[22] I must view the facts in the light most favorable to the party opposing the motion.[23] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[24]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[25]

---

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[21] *Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[22] *Id.* at 728.

[23] *Id.* at 727-28.

[24] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[25] *Anderson*, 477 U.S. at 248.

**B.    Scope of Employment under FELA**

FELA[26] imposes a non-delegable duty upon the railroad to provide its employees with a safe place to work.[27] This duty is broader than a general common-law duty of care.[28] The railroads' duty may extend to the property of third parties and agents of the employer.[29] And, an employee may be within the scope of his employment for the purposes of FELA when he uses services that his employer has provided and implicitly encouraged him to use in furtherance of its business.[30]

UP relies on a line of cases holding that employees injured while commuting to or from work are not within the scope of their employment for the purposes of FELA.[31] In those cases, however, FELA did not apply where the employee was subject to the same dangers as the commuting public at large.[32] Unlike those cases, Cash was on company property, which, based

---

[26] 45 U.S.C. § 51; The FELA provides that every common carrier by railroad will be liable in damages to its employees who are injured "from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. § 51.

[27] See *Shenker v. Baltimore & O.R.R.*, 374 U.S. 1, 7, (1963); *Ackley v. Chicago & N.W. Transp. Co.*, 820 F.2d 263, 267 (8th Cir. 1987) (duty of care is non-delegable).

[28] See *Ackley*, 820 F.2d at 267.

[29] See *Lockard v. Missouri Pacific Ry.*, 894 F.2d 299, 304 (8th Cir. 1990) (citing *Empey v. Grand Trunk W.R.R.*, 869 F.2d 293, 296 (6th Cir. 1989)).

[30] *Lockard,* 894 F.2d at 305 (8th Cir. 1990) (citing *Empey v. Grand Trunk W.R.R.*, 869 F.2d 293, 295 (6th Cir. 1989)).

[31] See Doc. No. 25 (citing *Sassaman v. Pennsylvania R. Co.*, 144 F.2d 950 (3d Cir. 1943); *Metropolitan Coal Co. v. Johnson*, 265 F.2d 173, 178 (1st Cir. 1959); and, *Getty v. Boston & Maine Corp.*, 505 F.2d 1226, 1228 (1st Cir. 1974)).

[32] See *Sassaman*, F.2d at 950 (employee injured on station platform nine miles from normal place of work while riding intrastate train); *Metropolitan Coal*, 265 F.2d at 178 (employee injured while he was riding to work on passenger train and while being "exposed to

on this record, was not apparently available to the commuting public.[33] Also, Cash was walking across the railroad's property to use a shuttle provided by Union Pacific for its employees, not the commuting public.

Also unlike the commuter cases cited by UP in which employees were provided commuter benefits as a perk to employment, the shuttle service in this case was implemented for UP's own operational benefit. UP encouraged employees to use the shuttle service in consideration for the employees agreeing to forego relocation claims.[34] An employee injured while using services that his employer provided and implicitly encouraged him to use in furtherance of its business may be within the scope of his employment for the purposes of the FELA.[35]

Based on the record, and viewed in a light most favorable to Plaintiff, there is a genuine issue of material fact as to whether Cash was within his scope of employment at the time he was injured. Accordingly, Defendant's Motion for Summary Judgment is DENIED.

---

no other or greater hazard than any other passenger"); *Getty*, 505 F.2d at 1228 (employee was injured while walking to board passenger train and there was "no reason why he should receive favored treatment simply because he happened to be employed by the operator of the public conveyance").

[33]I resolve this ambiguity in favor of Plaintiff.

[34]Doc. No. 25-4.

[35]*Lockard* 894 F.2d at 305 (8th Cir. 1990); *Sheaf v. Minneapolis, St. P. & S.S.M.R. Co.* 162 F.2d 110, 115 (8th Cir.1947) (the test for scope of employment under FELA is whether the employee's purpose in acting was to further the employer's business).

## CONCLUSION

For the reasons set out above, Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this 12th day of November, 2009.


                                                  /s/Wm. R. Wilson, Jr.
                                        UNITED STATES DISTRICT JUDGE