**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MARK A. CASH                                                                            **PLAINTIFF**

**vs.**                                          **5:08CV00060-WRW**

**UNION PACIFIC RAILROAD COMPANY**                                      **DEFENDANT**

**ORDER**

Pending are Defendant's twenty Motions in Limine (Doc. No. 37), to which Plaintiff has

responded,[1] and filed a supplemental response.[2] Defendant has replied to both.[3] Also pending are

Plaintiff's six Motions in Limine (Doc. No. 39) and seven Supplemental Motions in Limine

(Doc. No. 50), to which Defendant has responded.[4]

I find and order as follows:

**I.     DEFENDANT'S MOTIONS IN LIMINE ARE GRANTED IN PART, DENIED IN
        PART, AND HELD IN ABEYANCE IN PART.**

**1.     Defendant's Motion in Limine to prohibit argument or suggestion that this

lawsuit is Plaintiff's exclusive remedy or that Plaintiff is not eligible to receive worker's

compensation benefits** is HELD IN ABEYANCE. Why shouldn't the jury be informed that this

is not a workers' compensation case?

**2.     Defendant's Motion in Limine to prohibit argument or suggestion that the

jurors act as safety advocates or send a message with their verdict** is unopposed, and,

therefore, GRANTED.

---

[1]Doc. No. 46.

[2]Doc. No. 54.

[3]Doc. No. 62.

[4]Doc. Nos. 47, 58.

**3.** **Defendant's Motion in Limine to prohibit reference to punitive or exemplary damages** is unopposed, and, therefore, GRANTED.

**4.** **Defendant's Motion in Limine to prohibit argument or suggestion that Defendant puts profit over people** is GRANTED. If Plaintiff's counsel thinks Defendant's counsel has opened the door, he may approach the bench to broach this subject outside the hearing of the jury.

**5.** **Defendant's Motion in Limine to prohibit reference to Defendant's size or wealth or that Defendant is an out-of-state corporation** is GRANTED.

**6.** **Defendant's Motion in Limine to prohibit argument or suggestion that the railroad industry in general is unsafe or dangerous** is GRANTED.

**7.** **Defendant's Motion in Limine to prohibit reference to settlement negotiations, settled claims, and buyouts** is unopposed, and, therefore, GRANTED.

**8.** **Defendant's Motion in Limine to prohibit reference to the loss of society or companionship sustained by Plaintiff's friends or relatives** is GRANTED IN PART and HELD IN ABEYANCE IN PART.

Plaintiff agrees that reference to the loss of society or companionship of Plaintiff's friends and family is improper, and also that it is improper for Plaintiff's counsel to comment on a family member's dependency on Plaintiff for financial support. Defendant's Motion in Limine is GRANTED to this extent.

Plaintiff argues, however, that, under the FELA, Plaintiff's family status as a husband and father is admissible in considering damages for the reasonable value of lost household services Plaintiff cannot perform, as well as his loss of enjoyment of life where activities with his family are concerned. Neither party cites controlling case law on these exact issues. I have

not found a quick resolution in the case law. Accordingly, Defendant's motion is HELD IN ABEYANCE on this issue. If counsel for the parties can find specific authority on this issue, a short supplemental brief would be welcomed, no later than 5 p.m., next Wednesday, January 27, 2010.

**9.     Defendant's Motion in Limine to prohibit reference to the Congressional intent of enacting the Federal Employers' Liability Act** is unopposed, and, therefore, GRANTED.

**10.     Defendant's Motion in Limine to prohibit argument or statements suggesting a dollar amount they would put on their injuries if in Plaintiff's shoes** is unopposed, and, therefore, GRANTED.

**11.     Defendant's Motion in Limine to prohibit reference to Plaintiff's income taxes, gross wages, fringe benefits, or Railroad Retirement Board Benefits** is GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART.

**Income taxes**: Plaintiff agrees as to income taxes, and, therefore, Defendant's Motion is GRANTED on this issue.

**RR Board Benefits**: Defendant's Motion in Limine on the issue of Railroad Retirement Board Benefits is unclear, since they apparently want to establish that these benefits are not collateral sources, and so are admissible to offset damages. Defendant's offer some non-controlling case law supporting this proposition. Defendant's also offer what seems to me to be a novel interpretation of a Supreme Court case.[5] Although this case is widely viewed to prohibit consideration of these benefits in an FELA action, Defendant's say it does not foreclose the

---

[5]*Eichel v. New York Central*, 375 U.S. 253 (1963).

issue. This Court, however, has held that Railroad Retirement Board Benefits are inadmissible in a FELA action.[6] For this reason, Defendant's Motion is DENIED on this issue.

**Gross Wages**: Defendant argues that reference to gross wage losses should be prohibited, since net wage loss is the appropriate measure of damages, and gross wage calculations will confuse the jury. But, gross wages have to be established in order to calculate net wage loss, and jurors are capable of understanding this calculation. So, evidence of gross wages are admissible to that extent. The parties will be permitted to introduce their respective versions of Plaintiff's gross wage loss to explain their net wage loss calculations, and the jury will be properly instructed to award only net economic damages. Defendant's Motion is DENIED on this issue.

**Fringe Benefits**: Defendant does not specifically argue regarding fringe benefits in the motion. And, while Plaintiff does not respond on the issue of fringe benefits, Plaintiff's Motion in Limine No. 3 (below) suggests he may seek to include some lost fringe benefits. Accordingly, this issue is HELD IN ABEYANCE. The parties should brief this specific issue no later than 5 p.m., next Wednesday, January 27, 2010.

**12.     Defendant's Motion in Limine to prohibit argument or suggestion regarding Defendant's discovery responses** is DENIED WITHOUT PREJUDICE. Defendant would have to be substantially more specific before I could consider a motion in limine on this issue.

**13.     Defendant's Motion in Limine to prohibit evidence regarding intimidation or threats** is unopposed, and, therefore, is GRANTED.

---

[6]See *Stevenson v. Union Pacific R.R. Co.*, No. 4:07CV00522 BSM, 2009 WL 652932, at *5 (E.D. Ark. Mar. 12, 2009) (denying motion in limine on the same issue, and citing other courts, including the Supreme Court, that have been read to hold similarly).

**14.**     **Defendant's Motion in Limine to prohibit evidence of medical bills paid by Defendant** is GRANTED. If Plaintiff's counsel thinks Defendant's counsel has opened the door, he may approach the bench to broach this subject outside the hearing of the jury.

**15.**     **Defendant's Motion in Limine to prohibit argument or suggestion regarding Plaintiff's future employment with the railroad** is DENIED WITHOUT PREJUDICE. I agree with Plaintiff that this request is vague.

**16.**     **Defendant's Motion in Limine to prohibit evidence of subsequent remedial repairs** is DENIED. Evidence of subsequent remedial measures to the bridge are admissible to the extent allowed by Federal Rule of Evidence 407, which reads:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct . . . or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.[7]

**17.**     **Defendant's Motion in Limine to prohibit reference to the walkway as the "Mark Cash Memorial Walkway"** is GRANTED.

**18.**     **Defendant's Motion in Limine to prohibit evidence that Plaintiff moved after the accident** is unopposed, and, therefore, GRANTED.

**19.**     **Defendant's Motion in Limine to prohibit evidence that Plaintiff was told to check "off duty" on his injury report** is DENIED.

**20.**     **Defendant's Motion in Limine to prohibit reference to this motion to exclude and to any discovery disputes** is unopposed, and, therefore, GRANTED.

---

[7] Fed. R. Evid. 407.

## II. PLAINTIFF'S MOTIONS IN LIMINE ARE GRANTED IN PART, DENIED IN PART, AND HELD IN ABEYANCE IN PART

**1. Plaintiff's Motion in Limine to prohibit argument or suggestion regarding when and why Plaintiff hired and consulted with an attorney** is unopposed, and, therefore, GRANTED.

**2. Plaintiff's Motion in Limine to prohibit argument or suggestion regarding collateral sources and Railroad Retirement Benefits** is GRANTED.[8]

**3. Plaintiff's Motion in Limine to prohibit argument or suggestion regarding railroad retirement taxes** is HELD IN ABEYANCE. Defendant essentially argues that Plaintiff should be required to reduce from his calculation of lost wages all railroad retirement tax payments that Plaintiff did not have to make during the period he did not work. The parties cite conflicting case law on this issue, none of which is controlling. And, I find some other non-controlling cases indicating that payments made to an employee in a personal injury action are subject to railroad retirement taxes, to the extent that the payments are for time lost (as opposed to other factors, such as pain and suffering).[9] If this is true, and Plaintiff receives an award of lost wages for his injuries, Plaintiff will be responsible for paying taxes on that amount -- and I would see no reason to require Plaintiff to exclude railroad retirement taxes from the lost wages contribution.

---

[8]See Defendant's No. 11., above.

[9]*Ferren v. National R.R. Passenger Corp*., No. 00-C-2262, 2001 WL 1607586, at *11 (N.D. Ill., Dec. 12, 2001) (not excluding railroad retirement taxes because, based on tax code cited by plaintiff, he would have to pay taxes on that amount anyway).

Also, it is unclear at this stage of litigation what Plaintiff's pensions benefits are, what they might have been if he had continued to work, and if he intends to seek lost fringe benefits (see Defendant's Motion in Limine No. 11).[10]

I do not have sufficient information regarding the claimed damages, or the tax consequences of excluding railroad retirement taxes, to decide this issue at this point.[11] The parties should brief this specific issue no later than 5 p.m., next Wednesday, January 27, 2010.

4.      **Plaintiff's Motion in Limine to prohibit argument or suggestion regarding Plaintiff's personnel and medical information** is HELD IN ABEYANCE. I cannot rule in limine. I will have to hear evidence, if there be, as to whether this is a "fresh" injury, or an aggravation of a previously existing condition.

5.      **Plaintiff's Motion in Limine to prohibit argument or suggestion regarding Plaintiff's financial or pecuniary circumstances** is GRANTED. If Defendant's counsel thinks Plaintiff's counsel has opened the door, he may approach the bench to broach this subject outside the hearing of the jury.

6.      **Plaintiff's Motion in Limine to prohibit argument or suggestion regarding Plaintiff's failure to consider alternative positions with Defendant** is DENIED.

7.      **Plaintiff's Motion in Limine to prohibit argument or suggestion regarding any loans sought and/or obtained by Plaintiff** is unopposed, and, therefore, GRANTED.

8.      **Plaintiff's Motion in Limine to prohibit argument or suggestion regarding undisclosed opinions and irrelevant assertions by Defendant's medical expert Earl Peeples,**

---

[10]See *Stevenson v. Union Pacific R.R. Co.*, No. 4:07CV00522 BSM, 2009 WL 652932, at *5 (E.D. Ark. Mar. 12, 2009) (discussing this issue and finding that it lacked sufficient information to rule on the matter).

[11]See *Id.* (denying motion in limine without prejudice on this issue, pending further information).

**M.D.,** is HELD IN ABEYANCE. Unless Plaintiff can give me specific citations, I tend to think that Dr. Peeples could testify that surgeons routinely release individuals with successful fusions to do moderate or heavy work. But, what is Dr. Peeples's foundation? Are there studies? Is this just his visceral reaction based on casual discussions with other physicians?

Dr. Peeples will not be permitted to testify that people with injuries similar to Plaintiff's usually return to work unless there is a pending lawsuit -- unless Defendant's counsel can supply the proper information which would allow a physician to reach this opinion.

**9.** **Plaintiff's Motion in Limine to prohibit argument or suggestion that Plaintiff assumed the risk of injury by utilizing the unsafe working conditions provided by Defendant** is GRANTED IN PART and DENIED IN PART. I agree that Defendant's counsel cannot comment, *per se*, that Plaintiff "assumed a risk" (one of the old-timey three evil sisters). Since, however, contributory negligence can be considered by the jury, it appears to me that the Defendant can properly submit evidence that would tend to show that Plaintiff was contributorily negligent.

**10.** **Plaintiff's Motion in Limine to prohibit argument or suggestion referencing Plaintiff's employment application with Defendant** is HELD IN ABEYANCE. Is the "mistake" evidence relevant to any other issue, other than credibility? Is any "lie" that Plaintiff ever told relevant, even those he told to his momma when denying stealing the cookies? Is a "lie" on an employment application normally admissible on these specific facts? Are there any specific cases on this point? Assuming Plaintiff intentionally lied about his education level on his application for employment, is that "stout" enough to make it admissible in the face of Federal Rule of Evidence 403?

**11.     Plaintiff's Motion in Limine to prohibit argument or suggestion referencing Defendant's vocational rehabilitation litigation based program** is GRANTED. I agree with the reasoning of cases cited by Plaintiff[12] and other cases holding similarly.[13]

**12.     Plaintiff's Motion in Limine to prohibit argument or suggestion referencing Defendant's fitness for duty evaluation performed since October of 2009** is DENIED WITHOUT PREJUDICE. Trial is set for August 24, 2010 -- discovery cutoff was September 30, 2009. Plaintiff argues that on December 2, 2009, Defendant "belatedly" produced documents reflecting its pre-trial determination of Plaintiff's fitness for duty, which had been conducted this past October, 2009. Plaintiff argues that Defendant's delay in producing the fitness for duty determination prejudices Plaintiff because he can not fully develop evidence showing that the return to work recommendation was motivated by the litigation to artificially reduce Plaintiff's damages.

Discovery is re-opened on this one issue only. The discovery cut-off for this issue is March 22, 2010, at 5 p.m.

**13.     Plaintiff's Motion in Limine to prohibit argument or suggestion regarding Plaintiff's pending Missouri Case against Defendant for violations of the FELA** is HELD IN ABEYANCE. I will hear oral argument by telephone conference on this motion in limine, as well as some of the other points raised above. The telephone conference will be scheduled in due course.

### CONCLUSION

For the reasons set out above, Defendant's Motions in Limine (Doc. No. 37):

---

[12]See e.g., *Riensch v. Union Pacific Railroad Co*., 12 F. Supp. 2d 1136, 1140 (D. Colo. 1998).

[13]See e.g., *Partida v. Union Pacific R.R. Co.*, 221 F.R.D. 623, 629 (C.D. Cal. 2004).

A. numbers 2-10, 13, 14, 17, 19, and 20 are GRANTED;

B. numbers 16 and 19 are DENIED;

C. numbers 12 and 15 are DENIED WITHOUT PREJUDICE;

D. number 1 is HELD IN ABEYANCE. This issue will be argued in a telephone conference, which will be scheduled in due course;

E. number 8 is GRANTED IN PART and HELD IN ABEYANCE IN PART. The parties are to brief the issue held in abeyance by 5 p.m., Wednesday, January 27, 2010. After I have reviewed the briefs, any remaining issues will be argued in a telephone conference, which will be scheduled in due course;

F. number 11 is GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART. The parties are to brief the issue held in abeyance by 5 p.m., Wednesday, January 27, 2010. After I have reviewed the briefs, any remaining issues will be argued in a telephone conference, which will be scheduled in due course.

Plaintiff's Motions in Limine (Doc. No. 39) and Supplemental Motions in Limine (Doc. No. 50):

G. numbers 1, 2, 7, and 11 are GRANTED;

H. number 5 is GRANTED WITHOUT PREJUDICE;

I. number 6 is DENIED;

J. number 12 is DENIED WITHOUT PREJUDICE and Discovery is re-opened on this issue. The discovery cut-off for this issue is 5 p.m., March 22, 2010;

K. number 9 is GRANTED IN PART and DENIED IN PART;

L. number 3 is HELD IN ABEYANCE and the parties are to brief this issue by 5 p.m., Wednesday, January 27, 2010. After I have reviewed the briefs, any remaining issues will be argued in a telephone conference, which will be scheduled in due course;

M.      numbers 4, 8, 10, and 13 are HELD IN ABEYANCE. These issues will be argued

in a telephone conference, which will be scheduled in due course.

IT IS SO ORDERED this 20th day of January, 2010.


                                        /s/Wm. R. Wilson, Jr.
                                        UNITED STATES DISTRICT JUDGE