**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MARK A. CASH**                                                            **PLAINTIFF**

**vs.**                                    **5:08CV00060-WRW**

**UNION PACIFIC RAILROAD COMPANY**                          **DEFENDANT**

**ORDER**

In a previous Order (Doc. No. 65), I considered both parties' pending Motions in Limine (Doc. Nos. 37, 39), and requested further briefing on two of Defendant's Motions in Limine (motions numbered 8 and 11) and one of Plaintiff's Motions in Limine, (motion numbered 3). Both parties have provided the additional briefing (Doc. Nos. 66, 67), and I find and order as follows:

**I.      DEFENDANT'S MOTIONS**

**8.      Defendant's Motion in Limine to prohibit reference to the loss of society or companionship sustained by Plaintiff's friends or relatives is GRANTED IN PART and DENIED IN PART.**

Plaintiff agrees that reference to the loss of society or companionship of Plaintiff's friends and family is improper, and also that it is improper for Plaintiff's counsel to comment on a family member's dependency on Plaintiff for financial support. Defendant's Motion in Limine is GRANTED to this extent.

On the other hand, Defendant now concedes that Plaintiff's family status as a husband and father is admissible as relevant to damages. Defendant's Motion in Limine is DENIED to this extent.

**11.     Defendant's Motion in Limine to prohibit reference to Plaintiff's income taxes, gross wages, fringe benefits, or Railroad Retirement Board Benefits is GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART.**

Previously, I granted Defendant's Motion on the issue of income taxes, denied the Motion on the issue of Railroad Retirement Board benefits, and denied the Motion on the issue of gross wages.

The remaining issue of "fringe benefits" continues to be HELD IN ABEYANCE. Plaintiff seeks to introduce evidence of his lost insurance benefits as relevant to his damages. From the briefs, it appears that Defendant does not contest the admissibility of Plaintiff's insurance-related benefits. Instead, the parties dispute seems focused on pension-related benefits. If I am correct that Defendant does not contest the admissibility of Plaintiff's insurance-related benefits, then I will, of course, deny Defendant's Motion to this extent. The parties should instruct me on this issue during the upcoming telephone conference.

The dispute involving pension-related benefits, on the other hand, appears to be mixed up with the issue of railroad retirement taxes, which is discussed below.

## II.     PLAINTIFF'S MOTION

**3.     Plaintiff's Motion in Limine to prohibit argument or suggestion regarding railroad retirement taxes is HELD IN ABEYANCE.**

While Plaintiff is seeking compensation for his lost wages, he is not seeking damages for the value of his lost pension benefits. Had Plaintiff continued to work for Defendant, his pension benefits would have been funded partly by railroad retirement taxes deducted from his wages. So, because Plaintiff has chosen not to seek his lost pension benefits, Plaintiff instead seeks to retain the taxes he would have paid toward his pension. Essentially, Plaintiff argues that he

should be able to chose between pursuing damages for lost pension benefits or chose instead to retain the tax money that would have funded his pension. Defendant argues that Plaintiff's pension taxes are not a proper measure of his damages. Although the parties cite conflicting case law on this issue -- none of which is controlling -- I tend to agree with Defendant.

First, Plaintiff's request to retain taxes does not appear compensatory in nature. Pecuniary compensatory damages are awarded to repay money losses suffered directly from a defendant's breach of duty. But, while compensatory damages *return* money that *should have been paid*, Plaintiff here seeks to *retain* money *he would have paid* to someone else. Also, while compensatory damages ought to return money lost as a direct result of a defendant's breach of duty, Plaintiff here seeks to retain tax money that -- to the extent he is entitled to it -- he is entitled to only as a direct result of his own choice to not pursue lost pension benefits. I am unpersuaded that "awarding" the tax money is a proper form of compensatory damages, or that Plaintiff ought to be able to create a right to the tax money by choosing not to pursue damages for his lost pension benefits (which are clearly compensatory).

Also, I am unsure why Plaintiff has chosen to pursue the tax money instead of the lost pension benefits. Plaintiff argues that the amount of tax money approximates the amount of lost pension benefits. Not only does this tend to suggest that Plaintiff realizes that his true measure of damages are the lost pension benefits, it also raises the question of why Plaintiff has chosen to request the tax money instead of the pension itself. The parties should instruct me on these issues during the upcoming telephone conference.

**CONCLUSION**

For the reasons set out above, Defendant's Motion in Limine Number 8 is GRANTED IN PART and DENIED IN PART, and Motion in Limine Number 11 is GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART. Plaintiff's Motion in Limine Number 3 is HELD IN ABEYANCE.

The issues held in abeyance here will be argued during a telephone conference at 1:30 p.m., Thursday, February 25, 2010. During that telephone conference, the parties will also argue the issues held in abeyance in my previous Order (Doc. No. 65). On my count, the total issues to be argued include Defendant's Motions in Limine numbered 1 and 11, and Plaintiff's Motions in Limine numbered 3, 4, 8, 10, and 13. If the parties wish to submit short and concise briefs on these issues beforehand, I would be happy to have them -- but I am interested in facts and citations, not prose. Any briefs should be submitted by noon, Tuesday, February 23, 2010.

IT IS SO ORDERED this 19th day of February, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE