**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MARK A. CASH                                                          PLAINTIFF

vs.                                    5:08CV00060-WRW

UNION PACIFIC RAILROAD COMPANY                                        DEFENDANT

<u>ORDER</u>

In accordance with the Court's February 19, 2010 Order, the Court held a telephone hearing on Thursday, February 25, 2010 on Defendant's Motions in Limine issues numbered 1 and 11, and Plaintiff's Motions in Limine issues numbered 3, 4, 8, 10, and 13. Based upon the parties' briefs and oral arguments, the Court finds:

I.      **DEFENDANT'S MOTIONS.**

**1.      Defendant's Motion in Limine to prohibit argument or suggestion that this lawsuit is Plaintiff's exclusive remedy or that Plaintiff is not eligible to receive worker's compensation benefits** is GRANTED.

**11.      Defendant's Motion in Limine to prohibit reference to Plaintiff's income taxes, gross wages, fringe benefits, or railroad retirement board benefits** is GRANTED IN PART, DENIED IN PART, AND HELD IN ABEYANCE IN PART.

<u>Income taxes:</u>  As stated in Court Document 65, Defendant's Motion is GRANTED on this issue.

<u>RRB Benefits</u>:  As stated in Court Document 65, Defendant's motion is DENIED on this issue.

<u>Gross wages:</u>  As stated in Court Document 65, Defendant's motion is DENIED on this issue.

**Fringe benefits:**  The parties have agreed that Plaintiff may introduce evidence of his lost insurance benefits and the value/cost of same, so to that extent this motion is DENIED.  To the extent Defendant seeks a deduction of Tier I and Tier II Railroad Retirement Taxes from Plaintiff's gross wage loss or loss of earning capacity, the Court has taken this issue under advisement along with Plaintiff's Motion in Limine No. 3.

## II.    PLAINTIFF'S MOTIONS IN LIMINE.

**3.    Plaintiff's Motion in Limine to prohibit argument or suggestion regarding Railroad Retirement Taxes** has been taken under advisement and will be ruled on at a later date.

**4.    Plaintiff's Motion in Limine to prohibit argument or suggestion regarding Plaintiff's personnel and medical information** is held in ABEYANCE.  The Court orders defense counsel to provide Plaintiff's counsel a list identifying each item of evidence that supports Defendant's claim that Plaintiff's injury at issue in this lawsuit is an aggravation of a pre-existing condition.  Defense counsel shall provide the list to Plaintiff no later than 5 p.m. on March 4, 2010.   Otherwise, the motion is granted and Defendant shall not offer into evidence or suggest to the jury that Plaintiff had any other illness that is not connected by competent medical evidence to his current condition.

**8.    Plaintiff's Motion in Limine to prohibit argument or suggestion regarding undisclosed opinions and irrelevant assertions by Defendant's medical expert Dr. Earl Peeples** is DENIED IN PART AND HELD IN ABEYANCE IN PART.  Assuming the proper foundation is provided, Dr. Peeples may testify that surgeons routinely release individuals with successful fusions to moderate or heavy work.  However, Dr. Peeples will not be permitted to testify that people with injuries similar to Plaintiff's usually return to work unless there is a

pending lawsuit or that litigation has any effect on a patient's perception of pain or disability. The Court may reconsider this ruling if defense counsel can provide the Court with an appropriate foundation for the admission of this testimony.

**13. Plaintiff's Motion in Limine to prohibit argument or suggestion regarding Plaintiff's pending Missouri case against Defendant for violation of the FELA** is DENIED.

## CONCLUSION

The issues held in abeyance here will be argued on March, 12, 2010. At that time, I will also hear arguments to reconsider Defendant's Motions in Limine regarding evidence of subsequent remedial repairs (from Doc. No. 38; issue No. 16); evidence that Plaintiff was told to check "off duty" on his injury report (from Doc. No. 38; issue No. 19); and Plaintiff's issue regarding Defendant's vocational rehabilitation program (from Doc. No. 50; issue No. 11).[1]

Plaintiff's pending "Supplemental Motion" (Doc. No. 69) is actually supplemental briefing, and is now DENIED as moot.[2]

IT IS SO ORDERED this 1st day of March, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[1]My Order originally addressing these issues is located at Doc. No. 65.

[2]Plaintiff's supplemental briefing addresses Defendant's issue No. 1, which by this Order has been granted.